Kenneth R. Davis II, OSB No. 971132
davisk@lanepowell.com
**LANE POWELL PC**
601 S.W. Second Avenue, Suite 2100
Portland, Oregon 97204
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| W. CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP.; GNAT BOOTY MUSIC; TARPO MUSIC PUBLISHING; and NOTTING DALE SONGS, INC., <br><br>                    Plaintiffs, <br><br> v. <br><br> XPOSE LLC, and JAVIER GARCIA, <br><br>                    Defendants. | Case No. 3:23-cv-1522 <br><br> **COMPLAINT** <br> **Copyright Infringement** <br> **(17 U.S.C. § 501)** |

Plaintiffs W. Chappell Music Corp. d/b/a WC Music Corp., Gnat Booty Music, Tarpo Music Publishing, and Notting Dale Songs, Inc. allege as follows:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C. § 1400(a).

3. Plaintiffs allege three (3) causes of action for willful copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter

PAGE 1 –   COMPLAINT
            Copyright Infringement (17 U.S.C. Section 501)

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

4. The Plaintiffs named in Column 2 of Schedule A are the owners of the copyrights in the original musical compositions listed in Column 3 of Schedule A and are properly joined in this Complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Xpose LLC ("XLC"), is a limited liability company organized under the laws of Oregon, with a principal place of business at 10140 SW Canyon Road, Beaverton, Oregon 97005.

6. At all times hereinafter mentioned XLC did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Xpose PDX ("Xpose"), located at 10140 SW Canyon Road, Beaverton, Oregon 97005.

7. Musical compositions were and are publicly performed at Xpose.

8. On information and belief, defendant Javier Garcia ("Garcia" and, together with XLC, the "Defendants") is an individual who resides and/or does business in this District.

9. On information and belief, Garcia was, and still is, a principal, officer, and/or member of XLC.

10. On information and belief, at all times hereinafter mentioned, Garcia was, and still is, responsible for the control, management, operation, and maintenance of the affairs of XLC.

11. On information and belief, at all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Xpose, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. On information and belief, each Defendant derives a direct financial benefit from the public performance of musical compositions at Xpose.

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the

PAGE 2 – COMPLAINT  
Copyright Infringement (17 U.S.C. Section 501)

LANE POWELL PC  
601 S.W. SECOND AVENUE, SUITE 2100  
PORTLAND, OREGON 97204  
503.778.2100  FAX: 503.778.2200

public performance rights of its more than 875,000 songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to license the establishment. ASCAP's representatives have contacted, or attempted to contact, Defendants via mail, electronic mail, and phone.

16. Defendants have refused all of ASCAP's license offers for Xpose.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Xpose constitute infringement of ASCAP's members' copyrights in their musical works.

18. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Xpose, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

19. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

20. The original musical compositions listed in Column 3 were published on the dates stated in Column 5, and since the date of publication have been printed and published in conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the

PAGE 3 – COMPLAINT
Copyright Infringement (17 U.S.C. Section 501)

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration.

22.    Defendants on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly compositions at Xpose, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

23.    The public performances at Xpose of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

24.    On information and belief, in undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

25.    The many unauthorized performances at Xpose include the performances of the three copyrighted musical compositions upon which this action is based.

26.    At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

27.    Defendants' wrongful acts have caused and are causing great injury to Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

1.    That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions—or any of them or any other compositions in the ASCAP repertory for which Defendants have no license—and from causing or permitting the said compositions to

PAGE 4 – COMPLAINT
Copyright Infringement (17 U.S.C. Section 501)

LANE POWELL PC
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100  FAX: 503.778.2200

be publicly performed at Xpose, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise;

  2. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein;

  3. That Defendants be decreed to pay the costs of this action and that reasonable attorneys' fees be allowed as part of the costs; and

  4. For such other and further relief as may be just and equitable.

  DATED: October 17, 2023

          LANE POWELL PC


          By: s/ Kenneth R. Davis II
            Kenneth R. Davis II, OSB No. 971132
            Telephone: 503.778.2100
          Attorneys for Plaintiffs

PAGE 5 – COMPLAINT
 Copyright Infringement (17 U.S.C. Section 501)

**LANE POWELL PC**
601 S.W. SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204
503.778.2100 FAX: 503.778.2200